348

[685 NYS2d 698]

In the Matter of TERRY J. WOLFGANG (Admitted as TERRY JAC-QUELINE WOLFGANG), an Attorney, Respondent. DEPART-MENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 23, 1999

### APPEARANCES OF COUNSEL

*Mady J. Edelstein* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Terry J. Wolfgang, was admitted to the practice

of law in the State of New York by the First Judicial Department on August 7, 1989, as Terry Jacqueline Wolfgang. At all relevant times, respondent had maintained an office for the practice of law in the First Judicial Department.

By motion dated December 10, 1998, the Departmental Disciplinary Committee (the Committee) again moves for an order, pursuant to 22 NYCRR 603.4 (e) (l) (i), immediately suspending respondent from the practice of law until further order of the Court, due to her willful failure to cooperate with the Committee in its investigation. Previously, by motion dated August 20, 1998, the Committee sought a similar order. That motion was based upon respondent's lack of cooperation in the Committee's investigation into four separate reports of dishonored checks from the Lawyers' Fund for Client Protection (22 NYCRR part 1300). By an order entered October 26, 1998, this Court denied the Committee's motion pursuant to 22 NYCRR 603.4 (e) (1) (i), with leave to renew in the event respondent failed to comply with a subpoena duces tecum, dated April 2, 1998, within 30 days of entry of the Court's order.

The Committee asserts that respondent has failed to respond to the instant motion and has produced no additional financial records since she opposed the prior suspension motion.

22 NYCRR 603.4 (e) (l) (i) provides as follows:

"An attorney who is the subject of an investigation, or of charges by the Departmental Disciplinary Committee of professional misconduct, or who is the subject of a disciplinary proceeding pending in this court against whom a petition has been filed pursuant to this section, or upon whom a notice has been served pursuant to section 603.3 (b) of this Part, may be suspended from the practice of law, pending consideration of the charges against the attorney, upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest. Such a finding shall be based upon:

"(i) the attorney's default in responding to the petition or notice, or the attorney's failure to submit a written answer to pending charges of professional misconduct or to comply with any lawful demand of this court or the Departmental Disciplinary Committee made in connection with any investigation, hearing, or disciplinary proceeding".

Although more than nine months have passed since the subpoena was issued and more than three months have passed since respondent claimed, in opposition to the prior motion to

suspend, that she would produce the documentation within a week, no such documentation has been forthcoming. Accordingly, the Committee's motion should be granted and respondent suspended pursuant to 22 NYCRR 603.4 (e) (1) (i).

SULLIVAN, J. P., ELLERIN, WILLIAMS, WALLACH and SAXE, JJ., concur.

Motion granted, and respondent suspended from the practice of law in the State of New York, until the further order of this Court, all effective the date hereof.